UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mitchell M. Monteverdi, ) | |
| ) | C/A No. 1:18-cv-02306-DCC |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bryan M. Antonelli, ) | ORDER |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 31, 2018, the Magistrate Judge issued a Report recommending that the petition be dismissed without requiring Respondent to file an answer. ECF No. 7. Petitioner filed objections to the Report.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In the Petition, Petitioner contends that he needs more than 78 days in a Residential Release Center and that no one at the Bureau of Prisons will help him. The Magistrate Judge recommends dismissal because Petitioner failed to exhaust his administrative remedies prior to initiating this action. In his objections, Petitioner makes various arguments regarding the futility of the prison grievance system. However, as noted by the Magistrate Judge, courts have held that arguments of futility are insufficient to excuse a failure to exhaust. *See, e.g.*, *Yannucci v. Stansberry*, C/A No. 2:08-cv-561, 2009 WL 2421546, *3 (E.D. Va. Jul. 28, 2009) (finding inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his claims"); *Torres v. Martinez*, C/A No. 3:09-cv-1070, 2009 WL 2487093, *4 (M.D. Pa. Aug. 12, 2009) ("Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals."). In his

objections, Petitioner fails to present any evidence that he exhausted his administrative remedies; therefore, dismissal is appropriate.[1]

## CONCLUSION

Accordingly, the Court adopts the recommendation of the Magistrate Judge. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or otherwise respond. The Motion for Recusal [11] is **FOUND as MOOT**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

April 16, 2019
Spartanburg, South Carolina

---

[1] In light of Petitioner's pro se status, the Court has reviewed Petitioner's Motion for Recusal for any allegations that could be construed as objections to the Report. The Motion does not contain any information that is responsive to the analysis of the Report.